THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JAMIE MAHONE**                                                                                                  **PLAINTIFF**

v.                                          **Case No. 2:23-cv-00118-KGB**

**CITY OF MARIANNA,** *et al.*                                                                         **DEFENDANTS**

**ORDER**

Before the Court are three motions for default judgment and a motion for alternative service by plaintiff Jamie Mahone (Dkt. Nos. 10; 13; 14; 15).[1] Also before the Court is the motion to set aside default filed by defendants City of Marianna ("Marianna"), Daniel Strickland, Daniel Lawson, Timothy Turley, and Ashley Lawson ("Separate Defendants") (Dkt. No. 19). Ms. Mahone filed a response in opposition to the motion to set aside default, and Separate Defendants filed a reply (Dkt. Nos. 23; 24).

For the reasons set forth below, the Court grants Separate Defendants' motion to set aside Clerk's entry of default (Dkt. No. 19). The Court denies Ms. Mahone's motions for default judgment (Dkt. No. 10; 13; 14). The Court grants Ms. Mahone's motion for alternative service (Dkt. No. 15).

**I.      Background**

Ms. Mahone filed her complaint on May 17, 2023, alleging claims pursuant to 42 U.S.C. § 1983 for unlawful arrest, excessive force, and unlawful detention and claims for malicious prosecution, conspiracy to interfere with civil rights, false arrest, several intentional torts, negligent retention, and negligent failure to train (Dkt. No. 1, ¶¶ 70-125). On August 14, 2023, Ms. Mahone

---

[1] The Court notes that the third filing docketed as a motion for entry of default (Dkt. No. 14), filed on October 16, 2023, appears in fact to be a proposed Order for the Court's review purporting to grant the previously filed motion for default judgment (Dkt. No. 13).

moved for an extension of time to serve process on defendants Sergeant Dale Acosta and Officer Turley (Dkt. No. 2). The Court granted the motion (Dkt. No. 22). Defendants Marianna, Daniel Lawson, Strickland, and Ashley Lawson were served on August 7, 2023 (Dkt. Nos. 4; 5; 6; 7). Defendant Turley was served on August 29, 2023 (Dkt. No 3). The summons was returned unexecuted as to defendant Acosta (Dkt. No. 8).

On October 10, 2023, Ms. Mahone moved for entry of default against the Separate Defendants (Dkt. No. 9). On October 13, 2023, the Clerk entered default against Marianna only (Dkt. No. 12).

On October 10, 2023, Ms. Mahone also moved for default Judgment against Separate Defendants (Dkt. No. 10). On October 16, 2023, Ms. Mahone filed a renewed motion for default Judgment against Separate Defendants (Dkt. No. 13).[2] On October 16, 2023, Ms. Mahone also filed a motion for alternative service on defendant Acosta (Dkt. No. 15).

On January 11, 2024, Separate Defendants filed an answer to Ms. Mahone's complaint (Dkt. No. 16). On January 16, 2024, Separate Defendants moved to set aside the Clerk's entry of default (Dkt. No. 19). In support of their motion to set aside default, Separate Defendants state that Mayor Ora Stevens became Mayor of Marianna on January 2, 2024, and that she incorrectly assumed that lawsuits against Marianna and its employees were turned over to the Arkansas Municipal League and the Municipal Legal Defense Program as a matter of course (Dkt. No. 20, at 3). Separate Defendants state that Strickland, Daniel Lawson, and Ashley Lawson had been instructed during the administration of the previous Mayor of Marianna that any lawsuits in which they were served with process should be turned over to the Mayor who would then submit them to

---

[2] The Court notes that this motion was docketed as a motion for default judgment against all defendants but that the motion itself names only Separate Defendants and not defendant Acosta (Dkt. No. 13).

the Arkansas Municipal League (*Id.*).  Separate Defendants state that Daniel Lawson and Ashley Lawson met with Mayor Stevens the day after they were served with process in this case, on behalf of themselves and Strickland, and believed after the meeting that the lawsuit would be turned over to the Arkansas Municipal League for all named defendants (*Id.*, at 4).  Separate Defendants state that, when Turley was later served, Daniel Lawson told Turley that he had already met with Mayor Stevens who would be turning the case in for coverage to the Municipal Legal Defense Program (*Id.*).  Separate Defendants state that Mayor Stevens did not learn that the case had not been turned in for coverage until January 2024 (*Id.*).

II.     **Motion To Set Aside Clerk's Entry Of Default**

Separate Defendants move to set aside the Clerk's entry of default (Dkt. No. 19).  Separate Defendants argue:  (1) that their delayed answer was not a result of blameworthy or culpable conduct; (2) that they have meritorious defenses to Ms. Mahone's claims; (3) that they have defenses in common with defendant Acosta who has not yet been served and who, when served, may file a timely pleading that asserts a defense that applies equally to all defendants; and (4) that Ms. Mahone would not be prejudiced by an Order setting aside the Clerk's entry of default (Dkt. 20, at 5-9).

In response, Ms. Mahone filed a document titled "additional case law for review in response to motion to set aside for entry of default and reply for motion for default," which the Court understands to be a response in opposition to Separate Defendants' motion to set aside Clerk's entry of default (Dkt. No. 23).  Ms. Mahone also filed a "letter to court with points of clarity and case law" (Dkt. No. 25).  Ms. Mahone argues that Separate Defendants "have listed nothing more than carelessness and internal administration challenges," which do not constitute excusable neglect (Dkt. No. 23, at 2).  Ms. Mahone argues that Separate Defendants are not likely

3

to succeed on the merits because the officers had no probable cause and because she has been prejudiced by the delay because witnesses have relocated and are now unavailable (*Id.*, at 3). Ms. Mahone argues that the individual defendants were aware of the lawsuit but made no effort to locate a private attorney (Dkt. No. 25, ¶ 3). Ms. Mahone further argues that defendant Acosta disappeared before being served and was in fact imitating an officer (*Id.*, ¶ 2). It is not clear to the Court how this final argument bears on the pending motions to set aside the Clerk's entry of default.

The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Relief from a default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.*, at 784. Indeed, the Eighth Circuit has "frequently endorsed the strong judicial policy against default judgments." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Courts are thus urged to heed "the incessant command of a court's conscience that justice be done in light of all the facts." *Johnson*, 140 F.3d at 784 (quoting *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987)). As a result, "[e]ntry of default raises no protectable expectation that a default judgment will follow." *Id.* at 785.

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783. Essentially, the court must determine whether good cause

exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

The Court finds that good cause exists to grant Separate Defendants' motion and to set aside the default (Dkt. No. 12). The Court acknowledges that Ms. Mahone claims in her response that she has been prejudiced by the delay because private citizen witnesses have relocated and are now unavailable, but she does not name or identify these witnesses or describe their anticipated testimony in relation to the claims in her case (Dkt. No. 23, at 3). Ms. Mahone also claims that Marianna has terminated officers who were witnesses and officers who were involved in the events leading to her claims and that she has been unable to locate them (*Id.*). However, it is not clear to whom Ms. Mahone refers, as she does not name these officers or detail their anticipated testimony in relation to the claims in her case. Further, to the extent Ms. Mahone intends to refer to defendant Acosta through these allegations, the Court addresses in this Order Ms. Mahone's attempts and ability to serve defendant Acosta. The Court thus concludes based on the parties' filings and record before it that the delay caused by Separate Defendants' failure to answer timely will not substantially affect the progression of this case.

Based on the record before the Court, the delay appears to have been caused by an oversight by a party who wishes to defend this case on the merits. The cases cited by Ms. Mahone in support of her response are distinguishable. For instance, unlike in *Feeney*, *McMillian*, *2005 Chrysler 300C*, or *Truhe*, no default judgment has been entered in this case. *See Feeney v. At&E, Inc.*, 472 F.3d 560 (8th Cir. 2006); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319 (8th Cir. 1997); *United States v. 2005 Chrysler 300C, VIN2C3A63HX5H631206*, 382 F. App'x 531 (E.D. Mo. 2010); *Truhe v. Grimes*, 884 S.W.2d 255 (Ark. 1994). Likewise, there is no evidence the Mayor of Marianna is a lawyer, that any prior extensions of time were given to Separate

Defendants leading to persistent dilatory conduct, or that individual Separate Defendants could have taken actions to remedy the situation that led to the Clerk's entry of default. Additionally, the Court notes Separate Defendants have asserted that they possess a meritorious defense to Ms. Mahone's claims and have submitted exhibits in the form of body camera footage (Dkt. Nos. 16; 20-7; 20-8).

Given all the facts and circumstances of this matter, and the preference to adjudicate claims on the merits, the Court determines that Separate Defendants' delay in filing a timely answer was the result of excusable neglect. The Court acknowledges the length of the delay and the potential that Ms. Mahone may have suffered some prejudice on this account, but defers to the Eighth Circuit's "strong judicial policy" against default judgments. For these reasons, the Court grants Separate Defendants' motion to set aside the Clerk's entry of default (Dkt. No. 12).

### III. Motion For Default Judgment

Ms. Mahone has filed a motion for default judgment, a renewed motion for default judgment, and a proposed Order granting the motion for default judgment docketed as a motion for default judgment (Dkt. Nos. 10; 13; 14).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*
6

Because the Court has set aside the Clerk's entry of default for the reasons set forth in this Order (Dkt. No. 12), Ms. Mahone is not entitled to default judgment. The Court denies Ms. Mahone's motions for default judgment (Dkt. Nos. 10; 13; 14).

**IV.     Motion For Alternative Service**

Ms. Mahone moves for alternative service on defendant Acosta (Dkt. No. 15). Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Ms. Mahone seeks to serve defendant Acosta by warning order published in a newspaper pursuant to Arkansas Rule of Civil Procedure 4(g)(3) (Dkt. No. 15, at 3). Rule 4(g)(3) authorizes services by warning order if an affidavit by the party or the party's attorney shows that, "after diligent inquiry, the identity or whereabouts of the defendant remains unknown." "Affidavits that do not sufficiently recite the steps taken to conduct the required 'diligent inquiry' fail under Rule 4." *Lewis v. Johnson*, 594 S.W.3d 104, 107 (Ark. Ct. App. 2020) (citing *XTO Energy, Inc. v. Thacker*, 467 S.W.3d 161, 168 (Ark. Ct. App. 2015). "In other words, the party seeking to serve legal process using the warning-order method must provide enough detail—in the required diligent-inquiry affidavit—about the steps that were taken to locate the defendant, and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so."

Ms. Mahone's counsel states in an affidavit that she has made multiple attempts to locate defendant Acosta (Dkt. No. 15-1). She states that she attempted to locate him at his place of employment but was informed that he no longer was employed with Marianna (*Id.*, ¶ 3). She states that she was unable to locate defendant Acosta using social media (*Id.*, ¶ 4). She states that she

7

attempted to have him served by a process server on August 24, 2023, and had a skip trace search conducted by the process server (*Id.*, ¶ 5). She states that he was believed to work for Bimbo Bread Company and live in Forrest City, Arkansas (*Id.*, ¶ 6). She states that the process server spoke to defendant Acosta on the phone in an attempt to get him to appear voluntarily to accept service, but defendant Acosta refused to comply (*Id.*, ¶ 7).

For good cause shown, the Court grants Ms. Mahone's motion for alternative service on defendant Acosta (Dkt. No. 15). Federal Rule of Civil Procedure 4(e)(1) permits service pursuant to the rules of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). In her motion, Ms. Mahone requests permission to serve defendant Acosta by publication or warning order pursuant to Arkansas Rule of Civil Procedure 4(g)((3). In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (Ark. 2003). Under Arkansas law, "[a]ctual knowledge of a proceeding does not validate defective process." *Wilburn v. Keenan Cos.*, 768 S.W.2d 531, 532 (Ark. 1989). Ms. Mahone may serve defendant Acosta in compliance with Federal Rule of Civil Procedure 4(e)(1) and Arkansas Rule of Civil Procedure 4(g)(3).

V.   **Conclusion**

For the foregoing reasons, the Court grants Separate Defendants' motion to set aside the Clerks' entry of default (Dkt. No. 19). The Court denies plaintiff's motions for default judgment (Dkt. No. 10; 13; 14). The Court grants plaintiff's motion for alternative service (Dkt. No. 15).

It is so ordered this 20th day of September, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge