THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMIE MAHONE                                                                                          PLAINTIFF

v.                                          Case No. 2:23-cv-00118-KGB

CITY OF MARIANNA, *et al.*                                                                 DEFENDANTS

### ORDER

Before the Court are plaintiff Jamie Mahone's amended complaint (Dkt. No. 47), defendants City of Marianna, Daniel Strickland, Daniel Lawson, Dale Acosta, Timothy Turley, and Ashley Lawson's (collectively "Defendants") motion to strike plaintiff's second amended complaint (Dkt. No. 48), Mahone's motion for leave *nunc pro tunc* to file second amended complaint and response to defendants' motion to strike (Dkt. No. 50), Mahone's motion to extend expert disclosure deadline and modify final scheduling order (Dkt. No. 51) ("First Motion to Extend"), Defendants' response to plaintiff's motion to extend expert disclosure deadline and modify final scheduling order (Dkt. No. 53), and Mahone's motion to extend discovery deadline pending resolution of outstanding discovery (Dkt. No. 54) ("Second Motion to Extend"). Mahone's motion to compel remains pending with the Court (Dkt. No. 42).

The Court previously entered a scheduling Order in this case that set the relevant deadlines in this case (Dkt. No. 32).

I.  **Operative Complaint**

In the Court's scheduling Order, the Court stated that "[l]eave to add parties or amend pleadings must be sought no later than October 27, 2025." (*Id.*, at 1).  On March 27, 2025, Mahone filed motions for leave to file an amended complaint (Dkt. Nos. 33; 34), the Court granted that request (Dkt. No. 35), and Mahone filed an amended complaint ("First Amended Complaint")

(Dkt. No. 36).  On October 28, 2025, one day after the deadline, Mahone filed an amended complaint without leave from the Court ("Second Amended Complaint") (Dkt. No. 47).

Mahone's Second Amended Complaint contains identical language to the First Amended Complaint, except that Mahone adds two causes of action—abuse of process pursuant to Arkansas law and abuse of power pursuant to 42 U.S.C. § 1983—and an expanded prayer for relief (Dkt. No. 47, at 20–27).

Defendants then filed a motion to strike plaintiff's second amended complaint, arguing that the Second Amended Complaint was filed in violation of the Court's scheduling Order and Rule 15 of the Federal Rules of Civil Procedure (Dkt. No. 48).  Defendants also argued that they had already deposed Mahone and would thus be prejudiced by the addition of two new causes of action in Mahone's Second Amended Complaint (*Id.*).

On November 11, 2025—following the filing of Defendants' motion to strike—Mahone filed a motion for leave *nunc pro tunc* to file second amended complaint and response to defendants' motion to strike (Dkt. No. 50).  In her motion, Mahone asserts that the filing delay was "inadvertent and occurred in the process of finalizing the pleading after a series of depositions and active discovery exchanges" (*Id.*, at 1).  Mahone argues that the Second Amended Complaint:

> simply clarifies and consolidates existing legal theories, including the addition of a narrowly tailored Eleventh Cause of Action (Abuse of Process / Abuse of Power) that arises from the same operative facts already pleaded.  The amendment does not expand discovery or materially change the scope of the case.

(*Id.*).  Mahone further alleges that the deposition of defendant Lawson revealed testimony clarifying key aspects of the incident and that the deposition occurred close in time to the filing of the Second Amended Complaint (*Id.*, at 2).

Mahone argues that good cause exists for the Court to permit her to file the Second Amended Complaint (*Id.*, at 3).  Specifically, Mahone argues that her counsel has "acted diligently

throughout discovery and the amendment process" as reflected by "consistent and timely engagement with discovery deadlines, prior amendments, and the Court's orders" (*Id.*). Mahone argues that Defendants' discovery and defense strategies are unaffected by the Second Amended Complaint because the Second Amended Complaint alleges no new facts, witnesses, or discovery obligations and that Defendants are not prejudiced by the Second Amended Complaint, as they have not identified any questions they would have asked differently in plaintiff Mahone's deposition as a result of her additional claims (*Id.*, at 6).

In response to Mahone's motion for leave *nunc pro tunc* to file second amended complaint and response to defendants' motion to strike, Defendants argue that no leave to file the Second Amended Complaint should be given because: (1) Mahone's proposed additional causes of action are futile; and (2) the motion for leave to file is untimely and unfairly prejudices Defendants because they may have to conduct additional discovery and re-depose Mahone (Dkt. No. 52).

The Court takes under advisement the pending motions related to the proposed Second Amended Complaint (Dkt. Nos. 48; 50).

## II. Motions To Extend

### A. Background

On November 19, 2025, Mahone filed her First Motion to Extend. In that motion, Mahone requested that the Court extend: (1) plaintiff's expert disclosure deadlines from November 21, 2025, to February 21, 2026; (2) Defendants' expert disclosure deadlines from December 21, 2025, to March 21, 2026; (3) the discovery cutoff from February 4, 2026, to April 6, 2026; and (4) the deadline for dispositive motions from February 19, 2024, to May 20, 2026 (Dkt. No. 51, at 3).

Mahone represented that defendant Turley had not been made available by Defendants for a deposition due to Turley being in the police academy (*Id.*, ¶ 3). Further, Mahone asserted that

other defendants were not made available for depositions until September 30, 2025, and October 3, 2025 (*Id.*).  According to Mahone, Mahone and Mahone's expert had not had sufficient time to prepare adequately a report and review the three depositions (*Id.*).  Mahone stated that the Defendants agreed to allow a deposition of Turley on December 12, 2025, but would not agree to extend the time for Mahone's expert disclosure (*Id.*).  Mahone attached an email chain between her counsel and Defendants' counsel, which shows that Mahone's counsel extended the original deposition date on September 3, 2025 (*Id.*, at 20), Defendants' counsel proposed deposing Turley on November 18, 2025, or November 25, 2025 (*Id.*, at 9–10), and Mahone's counsel stated that December 11, December 12, December 17, or December 18, 2025, was the next availability that she had (*Id.*, at 9).

In response to Mahone's First Motion to Extend, Defendants argue that the requested extensions are unreasonable and unnecessary (Dkt. No. 52).  Defendants argue that Turley's deposition date is a result of Mahone's counsel's availability, not Turley's availability (*Id.*, at 1).  Further, Defendants argue, discovery "in this simple case" has been open since February 11, 2025, Mahone has not requested to depose any other witnesses, and Mahone has not stated good cause to extend the deadlines so close to, or beyond, the trial date (*Id.*).

On January 26, 2026, Mahone filed her Second Motion to Extend (Dkt. No. 54).  In that motion, Mahone requested that the Court extend the discovery deadline by 30 days from current February 4, 2026, deadline (*Id.*, at 2).  Mahone represents that there are several witnesses with scheduled depositions on January 30, 2026, who will not be available for their depositions because of a winter storm occurring in the state that has resulted in dangerous driving conditions (*Id.*, at 1).  Mahone also represents that she has recently served Defendants with a "narrowly tailored Requests for Production" of which production has not yet been completed (*Id.*).  Mahone states that she sent

an email to Defendants' counsel regarding the requested extension but that Defendants' counsel had not responded as of the time of filing the motion (*Id.*).

### B. Legal Framework And Analysis

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (8th Cir. 2008).

Mahone has shown diligence in attempting to meet the Court's scheduling Order by complying with all scheduling deadlines—other than filing the Second Amended Complaint one day after the deadline—and moving the Court for extensions before the expiration of all other deadlines. The Court grants Mahone's First Motion to Extend (Dkt. No. 51). Given that certain of Mahone's proposed extended deadlines fall after the current trial setting, the Court on its own motion continues the trial of this matter. By separate Order, the Court will reset the requested pretrial deadlines and set a new trial date. In that separate Order, Mahone's expert disclosure deadline will be on or after February 21, 2026. Defendants' expert disclosure deadline will be on or after March 21, 2026. The discovery cutoff will be extended to on or after April 6, 2026. The deadline for dispositive motions will be extended to on or after May 20, 2026.

Having extended the discovery deadline in this matter, the Court denies Mahone's Second Motion to Amend as moot (Dkt. No. 54).

### III. Conclusion

For the foregoing reasons, the Court:

(1) takes under advisement Defendants' motion to strike plaintiff's second amended complaint (Dkt. No. 48) and Mahone's motion for leave *nunc pro tunc* to file

       second amended complaint and response to defendants' motion to strike (Dkt. No. 50);

(2)    grants Mahone's First Motion to Extend (Dkt. No. 51);

(3)    denies as moot Mahone's Second Motion to Extend (Dkt. No. 54); and

(4)    continues to hold Mahone's motion to compel under advisement (Dkt. No. 42).

It is so ordered this 28th day of January, 2026.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge